## U. S. SANITARY SPECIALTIES CORPORATION v. WEST DISINFECTING CO.

(Circuit Court of Appeals, Seventh Circuit. January 16, 1925.)

No. 3438.

1. Patents ⬤⟞328—Roark patent, No. 1,346,-337, claim 2, for solid cake of paradichlorbenzol and odoriferous substance, held not patentable invention or discovery.

Roark patent, No. 1,346,337, claim 2, for "new article of manufacture, a deodorizing material consisting of a solid cake of paradichlorbenzol and odoriferous substance incorporated therewith," held not patentable invention or discovery in view of prior art and of evidence of prior use of paradichlorbenzol.

2. Patents ⬤⟞35—Doubt as to invalidity must exist before evidence of commercial success warrants finding in favor of validity.

There must be an existing doubt as to invalidity of patent before evidence of commercial success following its appearance as an article of commerce becomes material or persuasive, or warrants resolution of such doubt in favor of validity.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the U. S. Sanitary Specialties Corporation against the West Disinfecting Company. Decree for defendant, and plaintiff appeals. Affirmed.

Samuel W. Banning, of Chicago, Ill., for appellant.

William O. Belt and Leo F. Wormser, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PER CURIAM. [1] Claim 2 of Roark's patent, No. 1,346,337, here involved, reads: "As a new article of manufacture, a deodorizing material consisting of a solid cake of paradichlorbenzol and an odoriferous substance incorporated therewith."

The record conclusively established that paradichlorbenzol, a by-product of the dye industry, is a chemical whose properties and qualities were well known to chemists and to dealers in chemicals for years. It was known to be "not unpleasant" in odor; that it vaporized rapidly and diffused extensively; that it solidified readily and naturally, and could be put up in solid cake form; that it had been used as an insecticide and germicide protecting furs, wearing apparel, etc. Patents had been issued in Germany, England, and America, covering it in various ways, in which patents the aforesaid qualities of this chemical were disclosed.

It further appears that numerous deodorants were in common use, and it was common practice to combine perfumes or other odoriferous substances with the deodorant.

In view of this disclosed state of the art, appellants' combination did not measure up to the standards of patentable invention or discovery.

[2] The urge that a large commercial success followed the appearance of this deodorant as an article of commerce has not been overlooked. Such evidence may resolve a doubtful case in favor of the validity of the patent. But there must be an existing doubt before such evidence becomes material or persuasive. Here there is none.

Moreover, the District Court found a prior public use of the article of commerce covered by claim 2. The record shows that a producer, in 1916, manufactured and sold solid cakes of paradichlorbenzol, to which an odoriferous substance had been applied, as a deodorant. Markowsky's testimony is not disputed and is sufficiently corroborated to support the finding of prior public use.

The decree is affirmed.